## Nancy R. McLellan, *Executrix, vs.* George W. Lunt, *Executor.*

A writ of *scire facias*, as well as an action of debt, instituted more than four years after the appointment of the executor or administrator, although founded upon a judgment recovered within the four years, is barred by the statute of limitations, *Rev. Stat. ch.* 52.

The defendant was appointed executor of the last will of *Daniel Lunt*, on the 2d of *March*, 1824, accepted the trust, and complied with the requirements of law, in giving notice of such appointment. Within four years of that time the plaintiff, as executrix of

the will of *Samuel McLellan*, recovered a judgment against the estate of *Daniel Lunt* under the administration of the defendant, as his executor. After the expiration of the four years the plaintiff brought an action of debt on the judgment, which action this Court decided was barred by the statute of limitations. 2 *Fairf.* 150. The present action is *scire facias on the same judgment.*

*Daveis*, for the plaintiff, contended, that this remedy by *scire facias* was a mere continuance of the suit on which the former judgment was rendered, and not a new suit or action. This merely asks for a new execution on the judgment, and does not in any way settle the rights of the parties. That was done in the former suit, and this objection is merely technical. The 3d section of the *Rev. Stat. ch.* 60, he contended, was as imperative in favor of the maintenance of this process, as the statute of limitations can be against it, if the latter statute applied to the case. It is peremptory in our favor. On the rendition of the judgment it became the duty of the executor to pay the debt, and his refusal would subject him to an action of waste. He cited 6 *Dane*, 463; *Sellon's Pr.* 187; *Dearborn* v. *Dearborn*, 15 *Mass. R.* 316; *Clark* v. *Paine*, 11 *Pick.* 66; *Cony* v. *Williams*, 9 *Mass. R.* 115; *Richmond, Admr. Petr.* 2 *Pick.* 567; *Wolf* v. *Pounsford*, 4 *Hammond*, 397.

*Megquier*, for the defendant, said, that the statute cited in behalf of the plaintiff, *ch.* 60, *sec.* 3, merely gave the right to have an execution, where he was entitled to it, and not where he was not. The same argument would enable him to obtain an execution, where the judgment was satisfied within the year and no execution had ever issued. The defendant relies upon the *Rev. Stat. c.* 52, § 26, as an effectual bar to this action. This process was commenced long after the four years had elapsed, and the only inquiry is, whether it is a *suit* within the meaning, as it certainly is within the letter of that statute. When was this suit commenced? The writ in that case was in 1826, for the judgment was rendered *October Term*, 1826, and the process on which we are now brought into Court, was dated *Feb.* 11, 1835. Is this and that the same suit? If it be, then this suit was commenced before that judgment was rendered, on which it is based. The word suit is the most comprehensive term in our language, to express every kind of process whatever, even more so than action. This is an attempt

McLellan *v.* Lunt.

to evade the statute, and the former decision of the Court between these parties, by mere technical words used by the Legislature on another subject. *Megquier* cited 1 *Tidd's Pr.* 1 ; 2 *Wilson,* 251 ; 2 *Ld. Raymond,* 1048 ; 2 *Tidd's Pr.* 982 ; *Co. Lit.* 290, *b ;* 9 *Conn. R.* 390; 2 *Saund.* 6, note *a ; ibid.* 71 ; *Fenner* v. *Evans,* 1 *T. R.* 267 ; *Co. Lit.* 291, *a ;* 3 *Bl. Com.* 421 ; 6 *Bac. Ab.* 125 ; *Wright* v. *Nutt,* 1 *T. R.* 388 ; *Gonnigal* v. *Smith,* 6 *Johns. R.* 106 ; *Stat. of* 1830, *c.* 463, § 2 ; 14 *Petersdorff,* 514 ; 13 *Mass. R.* 163 ; *ibid.* 201 ; 16 *Mass. R.* 172 ; 3 *Greenl.* 17 ; 1 *Greenl.* 156 ; 15 *Mass. R.* 58 ; 5 *Pick.* 140 ; 6 *Greenl.* 127 ; 8 *Greenl.* 220 ; 12 *Mass. R.* 570 ; 15 *Mass. R.* 322 ; 8 *Johns. R.* 126 ; 2 *Saund.* 265 ; 7 *Cranch,* 307. No damages are recoverable in *scire facias.* 3 *Burr.* 1791 ; 2 *Stra.* 807 ; 4 *Greenl.* 79.

After a continuance, for advisement, the opinion of the Court was drawn up by

SHEPLEY J. — It is provided by *stat. ch.* 60, *sec.* 3, that " if the party shall neglect for the space of one year next after obtaining judgment to take out his execution, or shall not within one year next after his execution shall be returned not satisfied, take out his *alias* or *pluries,* he shall sue out his writ of *scire facias* against the adverse party to shew cause, if any he hath, why execution ought not to be done ; and upon his not shewing sufficient cause, the Court shall award execution for what remaineth with additional costs." And *ch.* 52, *sec.* 26, provides, " that no executor or administrator shall be held to answer to any suit, that shall be commenced against him in that capacity, unless the same shall be commenced within the term of four years from the time of his accepting that trust," if he perform certain duties required of him.

This is a *scire facias* upon the same judgment upon which the action of debt was brought, reported 2 *Fairf.* 150, where it was decided, that the action was barred by the statute.

It is now insisted, that *scire facias* can be maintained after the four years, because it is not a new suit, but is a continuation merely of the former suit. In the case of *Wright* v. *Nutt,* 1 *Term. R.* 388, it was held not to be a new action, but a continuation of a former one. And in the case of *Obrian* v. *Ram,* 3 *Mod.* 187, it was held, that a *scire facias* was suspended by a writ of error on

the original judgment, and that a reversal of that judgment operated as a reversal of the judgment of the *scire facias*.

*Dane* says, " It is sometimes a new action, and sometimes a mere continuation of a former action ; on a judgment it is always a continuation ;" *ch.* 190, *art.* 1, *sec.* 3. In the case of *Wolf* v. *Pounsford*, 4 *Ham. R.* 397, it is said, " a *scire facias* to revive a judgment, is only a continuation of a former suit, and it is not an original proceeding." And in 15 *Mass. R.* 316, it was decided, that a *scire facias* against bail was not a new suit.

On the contrary, there are cases where *scire facias* has been held to be a new suit, requiring a new warrant of attorney to commence it. Cro. *Eliz.* 177, *Herd* v. *Burstowe ;* 2 *Ld. Raym.* 1252, *Atwood* v. *Burr ;* 6 *Johns. R.* 106, *Gonnigal* v. *Smith.*

Without undertaking to reconcile these differences, or to decide whether it be a new action, or an action in continuation of a former action, it is sufficient for the present purpose to say, that it is regarded by all as a suit or action. *Littleton, sec.* 505, says, it may be well said to be an action ; and in *sec.* 506, that a release of all actions is a good plea in bar. Lord *Coke* says, although it be a judicial writ, yet because the defendant may plead to it, it is accounted in law to be an action ; and that a release of actions, or a release of suits, is a good bar. *Co. Lit.* 291, *a.* To the same effect are *William's notes on Saunders, vol.* 2, 6, *note* (1) ; *idem,* 72, *note* (4).

The act of the 17 *Geo.* 3, *ch.* 26, provided, " that before any execution shall be sued out, or action brought on any such judgment already entered, a memorial of the deed, bond, or instrument," &c., " shall be enrolled in chancery ;" and a *scire facias* issued to revive a judgment, entered before the act for securing the payment of an annuity, was set aside for want of such a memorial, because it was an *action* upon the judgment, and within the statute. 1 *Term. R.* 267, *Fenner* v. *Evans.* So to a *scire facias* to have execution on a judgment the defendant pleaded, that the plaintiff ought not to have his action, instead of ought not to have his execution, and the plea was adjudged good because *scire facias* is an action. 2 *Wil.* 251, *Grey* v. *Jones.*

A suit in law is defined by *Jacobs* to be all one with an action ; and an action to be the form of a suit given by law. While *Coke*

notices a diversity, and concludes, that a release of all suits is more extensive, than a release of all actions. *Co. Lit.* 291, *a.* The term suit seems to have been employed in some of the statutes of limitation, as comprehending also process in admiralty, in equity, and in the ecclesiastical courts. 4 and 5 *Anne, ch.* 16, *sec.* 17 ; 53 *Geo.* 3, *ch.* 127, *sec.* 5.

The legislature must be supposed to employ language relating to legal proceedings, in its well known legal acceptation ; and there can be no doubt that *scire facias* has been regarded in law as an action or suit.

It is insisted, that the statute gives an absolute right, the language being, that he shall sue out his writ of *scire facias.* But the statute contemplates, that the defendant may shew cause against it, and that upon his not shewing sufficient cause, the Court should award execution. The statute of limitations may be shewn as a good cause, as well as any other legal bar or discharge.

It is said to be the duty of the administrator to satisfy a judgment against the estate, and that a neglect to do so subjects him to a suit, but then he is subjected to such suit only in favor of those injured, who having taken all previous steps are in a condition to maintain it.

The presumption of law, after such a lapse of time, is, that the judgment has been executed, satisfied, or released ; and upon this presumption the legislature has established a perpetual bar, which the Court cannot disregard.

*Plaintiff nonsuit, and costs for defendant.*